Nicholson, C. J.,
delivered the opinion of the Court.
This is an appeal from the Chancery Court at Rogersville.
The facts on which the question to be determined arises, are as follows:
On the 31st of August, 1865, Charles sold and con- *529 veyecl to James White a tract of land for $5,000, which conveyance was duly registered. Afterwards, to-wit: in the month of November, 1865, the parties rescinded the sale, and White executed to complainant, Charles, an agreement or bond to reconvey the land. This agreement or bond was not registered.
On the 6th of Eebruary, 1867, defendant, Taylor, recovered, in the Circuit Court of Hawkins county, a judgment against James White and James L. Price for $6,212, on a note executed by said White, Price and L. N. Kyle, as principals, and William C. Kyle as surety. At the same time, to-wit: on the 6th of February, 1867, the said Taylor recovered a separate judgment against said William C. Kyle, the security on said note, for the amount of $6,212.
Execution issued on the first-named judgment, and was levied on the tract of land aforesaid, as the property of James White.
The bill was filed to enjoin the Sheriff, Beal, from selling; and Taylor and Beal are the only parties made defendants.
Defendant Taylor answers, admitting substantially the allegations of the bill. The cause was heard on bill and answer; the injunction was dissolved, and the bill dismissed for want of equity.
It is clear that, as the legal title to the land was in White, it was liable to be levied on and sold, to satisfy the judgment of Taylor. Green v. Demoss, 10 Hum., 376; 4 Cold., 315. The Chancellor’s decree was, therefore, proper, and is" affirmed.
But we are asked to require the plaintiff, in the *530 judgments against White, Price and Kyle, to exhaust his executions by resorting to other property of the defendants, before selling the land already levied on as the. property of White. This can not be done, as none of the parties to the judgment, except White, are defendants to the bill. But, by the Code, 3170, we are authorized to remand the cause, that justice may be done by making the necessary parties. In view of the peculiar circumstances of the case, we remand it, for such steps in the way of making other parties as may be necessary; but this order will not interfere with the sale of the land, in accordance with the decree below. The costs will be paid by complainant.